UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS,<br><br>            Plaintiff,<br><br>    v.<br><br>MADDEN, et al.,<br><br>            Defendants. | 1:19-cv-01216-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATIONS TO PROCEED** *IN FORMA PAUPERIS*<br><br>(Docs. 8-10)<br><br>14-DAY DEADLINE |

### I. INTRODUCTION

Plaintiff Marvin Harris is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.) On September 25, 2019, and October 7, 2019, Plaintiff filed two applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Docs. 8-10.) Plaintiff's applications should be **DENIED** because Plaintiff has three strikes under section 1915 and fails to show that he is in imminent danger of serious physical injury.

### II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. The statute provides, "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails

to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### III. DISCUSSION

The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Here, the Court takes judicial notice of a number of Plaintiff's prior lawsuits that were dismissed as frivolous, as malicious, or for failure to state a claim: (1) *Ripple and Harris v. Gomez, et al.*, Case No. 1:96-cv-05284-REC-SMS (E.D. Cal.) (dismissed on April 29, 1996, as frivolous); (2) *Harris and Ripple v. Hickey, et al.*, Case No. 1:97-cv-05186-REC-HGB (E.D. Cal.) (dismissed on July 28, 1997, as frivolous); (3) *Harris v. Coyle*, Case No. 1:97-cv-05508-AWI-DLB (E.D. Cal.) (dismissed on January 21, 1999, as frivolous and malicious and for failure to state a claim); (4) *Harris v. Glass*, Case No. 2:00-cv- 00937-DFL-DAD (E.D. Cal.) (dismissed on August 17, 2000, for failure to state a claim); (5) *Harris v. Edmonds*, Case No. 1:00-cv-05857-OWW-LJO (E.D. Cal.) (dismissed on November 27, 2000, for failure to state a claim); (6) *Harris v. Pliler, et al.*, Case No. 2:01-cv-01125-WBS-DAD (E.D. Cal.) (dismissed on March 15, 2002, for failure to state a claim); and (7) *Harris v. Edmonds*, Case No. 1:00-cv-07160-REC-SMS (E.D. Cal.) (dismissed on May 24, 2002, for failure to state a claim). Each of these actions was dismissed prior to the commencement of the current action on September 3, 2019. Plaintiff is therefore subject to the section 1915(g) bar, and he is precluded from proceeding *in forma pauperis* in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

The Court has reviewed Plaintiff's complaint in this action, (Doc. 1), and finds that Plaintiff's allegations do not meet the imminent danger exception. According to Plaintiff, Defendants Madden and Torres subjected him to an unlawful search of his cell and taking of property. *Id.* at 3-4. Plaintiff's allegations, if true, do not show that he was in imminent danger of serious physical injury. *See Andrews*, 493 F.3d at 1055. Thus, Plaintiff is precluded from proceeding *in forma pauperis* in this action.

///

## IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motions to proceed *in forma pauperis*, (Docs. 8-10), be DENIED;

2. Plaintiff be required to pay, within 14 days of the Court's order adopting these Findings and Recommendations, the filing fee of $400.00; and

3. Plaintiff be informed that failure to timely pay the filing fee will result in dismissal of this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 18, 2019**          /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE